IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00977-WYD-KLM

JONATHAN D. MARTIN,

    Plaintiff,

v.

NORTH METRO FIRE RESCUE DISTRICT, and
JOSEPH BRUCE,

    Defendant(s).
_____

**ORDER DENYING MOTION FOR PROTECTIVE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion for Protective Order [Docket No. 50; Filed April 8, 2008] (the "Motion"). Defendants responded to the Motion on April 21, 2008 [Docket No. 56]. Plaintiff did not file a reply. The matter is now fully briefed and ripe for resolution. Having considered the parties' pleadings and the relevant case file,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. The test for allowing discovery of information or documents is whether the information "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information

sought may be relevant to the claim or defense of any party." (citations omitted)).

In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d. ed. 1994). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

Plaintiff objects to Defendants' intention to seek discovery of Plaintiff's post-employment records from McKee Medical Center ("McKee"). Motion at 1-2 [Docket No. 50]. Plaintiff was employed by McKee following his forced resignation/termination from Defendant North Metro Fire Rescue District ("North Metro"). Defendant contends that discovery of Plaintiff's employment records from McKee is relevant because he was terminated by that employer and may have been untruthful regarding the reasons for his termination. Response at 1-3 [Docket No. 56]. Defendant also contends that his records are relevant regarding Plaintiff's mitigation of damages following his forced resignation/termination from North Metro. *Id.* at 3.

The Court agrees that Plaintiff's post-North Metro employment records are relevant to the issue of Plaintiff's credibility and his mitigation of damages. Although evidence of Plaintiff's post-termination conduct may not be admissible as character evidence, it is relevant to at least one defense raised by Defendants and arguably could lead to admissible evidence. Further, while Plaintiff claims that discovery of these records is unnecessary, harassing, and may negatively impact his ability to obtain positive job

2

references from this employer in the future, Plaintiff has failed to substantiate these contentions or show that the probative value derived from this discovery is outweighed by any prejudice or alleged injury suffered by Plaintiff.[1]  In addition, Plaintiff has failed to meet his burden of proof for the issuance of a protective order, beyond the protections afforded in the Protective Order already entered in this case [Docket No. 49], in that he has not shown that discovery of this information from his former employer would cause him any annoyance, embarrassment, oppression, or undue burden.  *See* Fed. R. Civ. P. 26(c).

As a final matter, because this is not a motion to quash a subpoena, nor has a subpoena been issued, the Court does not take a position as to whether Defendants' proposed subpoena satisfies the requirements of Fed. R. Civ. P. 45.  Further, with few exceptions, only the person or entity from whom the discovery is sought has standing to object to the subpoena.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997).

Dated: May 12, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[1] The Court notes that the cases cited by Plaintiff to support these contentions are unpublished.  Plaintiff failed to comply with D.C. Colo. L. Civ. R. 7.1(D) and attach the cases to his Motion.  In addition, Plaintiff failed to provide citations that enabled the Court to quickly access the cases.  As such, the Court does not consider them in its analysis.